

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Las Vegas, Nevada

Civil Action No. 2:09-cv-01975-JCM-PAL

Shaun Rosiere

    Plaintiff,

V.

    State of Florida, Office of financial regulation

    Defendants.

## MOTION TO QUASH SUBPOENA DUCES TECUM

1. Shaun Rosiere asks the court to quash State of Florida, Office of financial regulation subpoena duces tecum.

### A. Introduction

2. Plaintiff, Shaun Rosiere, (Pro Se) or (A.K.A.), response to SUBPOENA DUCES TECUM

Note: Under the Right to Financial Privacy Act of 1978

### B. Response

3. Net Central Investment Club Consortium, Inc. is private club and never made a public offering for sale of securities. All members signed a Contract with the following provisions:

1

    a. "private club"

    b. In no way was there ever a public offering

    c. They formed their investment club consortium Corp at and of free will

    d. Membership confined to less than 100

    e. They are within the exemption rules of the SEC

This was a safe guard for all members to assure that this problem would never exist.

Note: See Exhibit 6 of the SEC website, page 2, Paragraph 4, "a non-public offering is exempt. See Exhibit 6 of the SEC website, Page 2-3, Paragraph 5-7. Exempt under the Securities Act of 1933 and the Investment Company Act of 1940, then the SEC has zero power to investigate and lacks standing for a legitimate law enforcement inquiry, under the constitutional limitation of power set forth by congress in section 20(a) of the Securities Act and Section 21(a) of the Exchange Act. The SEC subpoena if such enforced would result in an abuse of the Court's process. See SEC v. Wheeling-Pittsburge Steel Corp., 482 F. Supp. 555, 565-67(W.D. Pa.1979). The SEC subpoena if such enforced would result in the expansion of power beyond the scope of power set forth by congress in section 20(a) of the Securities Act and Section 21(a) of the Exchange Act.

Note: See Exhibit 1 of an SEC website litigation, Page 3, under, C. Legal Analysis. Exempt under the Securities Act of 1933, the SEC has zero power to investigate and lacks standing for a legitimate law enforcement inquiry.

Note: Under Florida statutes chapter 517 (Securities; Transactions), 517.051 Exempt securities, 517.061 Exempt transactions, are only a mirror of the above Federal Law.

    4. As fare as for a separate non-personalized publication of Shaun Rosiere/Shaun Rosiere published, The United States Supreme Court's decision in Lowe v. SEC 105 S.Ct. 2557 (1985), make it clear to the SEC it may not regulate investment news that constitute commercial speech and a degree of First Amendment protection is in order. SEC has zero power to investigate and lacks standing for a legitimate law enforcement inquiry, under the constitutional limitation of power set forth by congress in section 20(a) of the Securities Act and Section 21(a) of the Exchange Act. The SEC subpoena if such enforced would result in an abuse of the Court's process, See SEC v. Wheeling-Pittsburge Steel Corp., 482 F. Supp. 555, 565-67(W.D. Pa.1979). The SEC subpoena if such enforced would result in the expansion of power beyond the scope of power set forth by congress in section 20(a) of the Securities Act and Section 21(a) of the Exchange Act.

    Note: Under Florida statutes chapter 517 (Securities; Transactions), 517.051 Exempt securities, 517.061 Exempt transactions, are only a mirror of the above Federal Law.

The State of Florida, may not cross the Florida territory to violate First Amendment protections.

5. On timely motion, the court may, to protect a person subject to or affected by a subpoena, quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3)(A).

6. Shaun Rosiere files this motion before the time for performance. *See Fed. R. Civ. P. 45(c)(3)(A); Winchester Capital Mgmt. Co. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 175-76 (D. Mass. 1992). The subpoena noted as exhibit 33 requires production on October 9, 2009. But Wells Fargo Bank was granted an extension to 10/30/2009 by nadia innamorato.

7. The court should quash state of florida subpoena's for the following reasons:

   b. The subpoena requires disclosure of privileged or protected material, and no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(iii); *RE/MAX Int'l, Inc. v. Century 21 Real Estate Corp.*, 846 F.Supp. 910, 911 (D. Colo. 1994). The subpoenas (Exhibit 33) both ask for the production of copyrighted material in the form of Corp resolutions. These materials are allowed first amendment protection as well as proper payment for the reproduction. The subpoena ask for private and personal information as well.

   (1) subpoena allows for the state of florida to evaluate book sales of Shaun Rosiere/Shaun Rosiere Published on and through Active Trader News, Inc. and Shaun Rosiere Mortgage, Inc. These Materials are not part of any legitimate law enforcement inquiry, and have Copyright protection (see exhibit 9) as well as the ideas, formula, pattern, method, technique, process have protections under the Uniform Trade Secrets Act.

   c. The subpoena subjects a *party* to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv); *Linder v. National Sec. Agency*, 94 F.3d 693, 695 (D.C. Cir. 1996). The subpoena (Exhibit 33) both ask for the production of copyrighted material in the form of Corp resolutions. These materials are allowed first amendment protection as well as proper payment for the reproduction.

   (1) subpoena allows for the state of florida to evaluate book sales of Shaun Rosiere/Shaun Rosiere Published on and through Active Trader News, Inc. and Shaun Rosiere Mortgage, Inc. These Materials are not part of any legitimate law enforcement inquiry, and have Copyright protection (see exhibit 9) as well as the ideas, formula, pattern, method, technique, process have protections under the Uniform Trade Secrets Act.

d.  The subpoena requires disclosure of a trade secret or other confidential information. Fed. R. Civ. P. 45(c)(3)(B)(i); see *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). The subpoenas (Exhibit 33) both ask for the production of copyrighted material in the form of Corp resolutions. These materials are allowed first amendment protection as well as proper payment for the reproduction. The Ideas and concepts within the material are a trade secret.

There is also the possibility since the state of florida is seeking everything under the sun for the retracement of trading money management keys. These are closely held trade secret.

(1) subpoena allows for the state of florida to evaluate book sales of Shaun Rosiere/Shaun Rosiere Published on and through Active Trader News, Inc. and Shaun Rosiere Mortgage, Inc. These Materials are not part of any legitimate law enforcement inquiry, and have Copyright protection (see exhibit 9) as well as the ideas, formula, pattern, method, technique, process have protections under the Uniform Trade Secrets Act.

I declare Under penalty of perjury in support of the motion that all the above statement are true and correct as to my knowledge (Shaun Rosiere).

Signed: _____

Shaun Rosiere

7380 S. Eastern Ave STE#124265

Las Vegas, NV 89123

Phone: 702-716-5928

4

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on October 23 2009, a true and correct copy of the foregoing was sent by United States mail or other third party carrier or fax, postage prepaid and correctly addressed to the following:

Nadia Innamorato
State of Florida
Office of Financial Investigations
921 N Davis Street, Bldg. B, Suite S-225
Jacksonville, FL 32209

Wells Fargo Bank, NA
subpoena Processing Center
2700 S. Price Road
Chandler, AZ 85248

_____
Shaun Rosiere, (Pro Se) or (A.K.A.)
Dated: October 23, 2009
Phone: 702-716-5928

7380 S. Eastern Ave. STE#124265
Las Vegas, NV 89123



# STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

CSC
CERT. MAIL
SEP 30 2009

---

**Subpoena Duces Tecum**   Exhibit 33   page 1 of 2

---

To: Registered Agent
Wells Fargo Bank, N.A.
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

CASE NUMBER: 2696
SUBPOENA NUMBER: 2009-053

At the instance of J. Thomas Cardwell, Commissioner, State of Florida, Office of Financial Regulation, **YOU ARE HEREBY COMMANDED TO PRODUCE FOR INSPECTION AND COPYING** by 10:00 A.M. on October 9, 2009, at 921 N Davis Street, Building B, Suite 225, Jacksonville, Florida, 32209 before Nadia Innamorato, Investigator for the Office of Financial Regulation, all documents noted in Attachment "A" of this subpoena.

**THIS SUBPOENA IS ISSUED** pursuant to the authority of § 20.121 and 517.201(2), Florida Statutes.

In lieu of producing these records for inspection and copying as described above, you may choose to comply with this subpoena by mailing or delivering a copy of these records to the below identified investigator.

Nadia Innamorato
State of Florida
Office of Financial Regulation
Bureau of Financial Investigations
921 N. Davis Street, Bldg. B, Suite S-225
Jacksonville, FL 32209

Your response should include a Certification of Business Records and Document Inventory. An example of an acceptable Certification and Inventory is attached. The Certification must be executed before a notary public. (If utilizing a different Certification and Inventory form, please obtain approval in advance of submission by contacting Investigator Innamorato at 904-798-5808).

**YOU SHALL RESPOND** to this subpoena as directed unless excused by Nadia Innamorato, Senior Financial Investigator or by order of the State of Florida, Office of Financial Regulation.



IN TESTIMONY WHEREOF, the Seal of Florida, Office of Financial Regulation is affixed hereto, and the undersigned, as designee has hereunto set his hand at Jacksonville, Florida this 28th day of September, 2009.

Area Financial Manager
Bureau of Financial Investigations

---

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990(ADA), DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL ACCOMMODATIONS TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT PAUL J. PAGANO, INVESTIGATIONS MANAGER AT 921 N DAVIS STREET, BUILDING B, SUITE 225, JACKSONVILLE, FLORIDA, 32209 (TELEPHONE NUMBER (904)798-5808) NOT LATER THAN FIVE BUSINESS DAYS PRIOR TO SUCH PROCEEDING.

## ATTACHMENT "A"

A.  Unless explicitly indicated otherwise, the following words or phrases are used herein as follows:

"Document" or "documents" refers to all written or graphic material, however produced or reproduced or to any other tangible permanent record, and without limitation, including, among other things, all letters, correspondence, records, memoranda, minutes, notes, summaries, telephone records, books, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements, charts, graphs, interviews, inter-office communications, results of investigations, working papers, computer data, papers similar to any of the foregoing, and other writings of every kind of description (whether or not actually used, and including drafts of all documents), and including not only originals of such documents, but all photo static or microfilmed copies in whatever forms, and all sound recordings, computer or electronic data compilations in whatever form.

B.  Documents To Be Produced:

1.  Any and all account records for the following bank accounts:

000009815312633 → Net Central Investment Club
000008480312696 → Platinum Investment Fund, Inc.
000007063039643 → Shawn Rosiere Mortgage, Inc.

For Date Range:

a.  December 01, 2007 – December 31, 2008

Documents should include, but not limited to:

1.  Monthly Statements
2.  Signature and Authorization Cards
3.  Deposits *(Do not include with initial production)*
4.  Withdrawals *(Do not include with initial production)*

**The material compiled by the Office of Financial Regulation during an investigation or examination under Section 517.201 Florida Statutes, is confidential until the investigation or examination is completed. It is requested that this subpoena for information regarding the referenced subjects/companies be kept confidential.**

SHOULD PRODUCTION COSTS EXCEED $50.00, PLEASE CONTACT THE OFFICE PRIOR TO PRODUCTION.

YOU MAY PROVIDE YOUR RESPONSE VIA COMPACT DISC OR DIGITAL VIDEO DISC IN LIEU OF SENDING A HARD COPY OF THE REQUESTED FILES.

Exhibit 33 page 2 of 2