1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                                **DISTRICT OF NEVADA**
6
7   SHAUN ROSIERE,                        )
                                          )
8                       Plaintiff,        )   Case No. 2:09-cv-01975-JCM-PAL
                                          )
9   vs.                                   )   **AMENDED ORDER**
                                          )
10  UNITED STATES SECURITIES AND          )   (Mtn to Quash - Dkt. #8)
    EXCHANGE COMMISSION,                  )
11                                        )
                                          )
12                      Defendant.        )
    _____)
13

14         This Amended Order corrects the docket number of the motion addressed in the order.

15         This is a miscellaneous action filed by plaintiff Shaun Rosiere ("Rosiere"), challenging two
16  subpoenas issued by the Securities and Exchange Commission ("SEC") for financial records pursuant
17  to the provisions of the Right to Financial Privacy Act of 1978. The SEC responded to plaintiff's
18  Motion to Quash (Dkt. #2) by filing Verified Points and Authorities (Dkt. #5) and a Verification of
19  Amy A. Sumner (Dkt. #6). These documents were electronically filed with the court in accordance
20  with this district's electronic filing procedures. However, because plaintiff was not registered
21  electronically with the court, the SEC served plaintiff with its response and Ms. Sumner's verification
22  at his home address, using Federal Express, overnight delivery. The SEC also electronically filed a
23  Certificate of Service (Dkt. #7), certifying that the verified points and authorities and verification of
24  Amy Sumner were served on the plaintiff by overnight delivery. Rosiere responded by filing a Motion
25  to Quash (Dkt. #8) the Certificate of Service (Dkt. #7), Response (Dkt. #5), and Affidavit (Dkt. #6).
26  Rosiere argues that overnight delivery by Federal Express is not effective service under Fed. R. Civ. P.
27  5(b). Rosiere is correct.
28  / / /

In <u>Magnuson v. Video Yesteryear</u>, 85 F.3d 1424, 1431 (9th Cir. 1996), the Ninth Circuit held that service by Federal Express does not satisfy the requirements of Rule 5(b) and that the actual notice by a means other than that authorized by Rule 5(b) does not constitute valid service. The Ninth Circuit adopted the Rule announced in <u>Salley v. Board of Governors, University of N.C.</u>, 136 F.R.D. 417 (M.D.N.C. 1991), requiring that a party demonstrate "exceptional good cause for failing to comply with Rule 5(b)." <u>Id.</u> The SEC has not demonstrated exceptional good cause for failing to comply with Rule 5(b).

Accordingly,

**IT IS ORDERED:**

1. Rosiere's Motion to Quash (Dkt. #8) is GRANTED to the extent the SEC shall re-serve its Verified Points and Authorities (Dkt. #5) and Affidavit (Dkt. #6) to Rosiere at his home address by U.S. Mail and shall file proof of service.

2. The court will enter a written decision and order on Rosiere's challenge to the two subpoenas at issue within seven days after the government files its certificate of service showing compliance with Rule 5(b).

Dated this 29th day of January, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE