UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAUN ROSIERE,  )
                               Plaintiff,  )
vs.  )
UNITED STATES SECURITIES AND EXCHANGE COMMISSION,  )
                             Defendant.  )

Case No. 2:09-cv-01975-JCM-PAL

**ORDER**

(Mtn to Quash - Dkt. #3)

This matter is before the court on a the Plaintiff Shaun Rosiere's ("Rosiere's") Motion to Quash Subpoena *Duces Tecum* (Dkt. #3). Plaintiff filed this miscellaneous action seeking to quash two subpoenas issued by the SEC pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.* Plaintiff's Motion to Quash (Dkt. #3), however, seeks to quash a subpoena issued by the State of Florida's Office of Regulation. The State of Florida's Office of Regulation has not responded.

As Rosiere is aware, service under Rule 5 of the Federal Rules of Civil Procedure provides that service of papers can be made by "mailing it to the person's last known address" or by electronic or other means if the receiving party has consented. The Ninth Circuit has clarified that service by mail means service by the U.S. Postal Service. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (holding that "Federal Express does not satisfy the requirements of Rule 5(b)"). Furthermore, the Ninth Circuit has stated that actual notice of the filings is not enough to cure ineffective service. Id. at 1431. The court found that the serving party must demonstrate "exceptional good cause" to justify non-compliance with Rule 5(b). Id. (noting exceptional good cause would exist where the receiving party had explicitly consented to service of papers by means other than U.S. mail on prior occasions).

1    Here, Rosiere's filing is an initial pleading that should have been served according to the
2    provisions of Rule 4 of the Federal Rules of Civil Procedure.  Because it concerns a different subpoena
3    served by a different entity than the subpoenas which are the issue in the Complaint (Dkt. #1), Rosiere
4    should have filed it as a separate miscellaneous action.  Even if it was proper to file the motion in this
5    matter and serve it pursuant to Rule 5, Rosiere's service was ineffective.  The certificate of service
6    attached to the motion states that "[Rosiere] hereby certifies that on October 23, 2009, a true and
7    correct copy of the [motion] was sent by United States mail <u>or other third party carrier or fax</u>."  <u>See</u>
8    Certificate of Service (emphasis added).  The Ninth Circuit has held that service under Rule 5 may only
9    be made by U.S. mail.  <u>Magnason</u>, 85 F.3d at 1430-31.  Thus, even if it were appropriate to serve this
10   motion pursuant to Rule 5, the Certificate of Service does not indicate how it was served.

11   Additionally, on the merits, the Right to Financial Privacy Act ("RFPA") does not apply to
12   subpoenas served by state entities.  12 U.S.C. § 3405 states that a "Government authority may obtain
13   financial records under section 3402(2) of this title pursuant to an administrative subpoena."  However,
14   the definitional section of the RFPA provides that "'[g]overnmental authority' means any agency or
15   department <u>of the United States</u>, or any officer, employee, or agent thereof."  12 U.S.C. § 3401(3)
16   (emphasis added).  By its own terms, the RFPA does not apply to the subpoena served by the State of
17   Florida's Office of Financial Regulation because it is not an agency or department of the United States'
18   government.

19   Accordingly,

20   **IT IS ORDERED** that Plaintiff's Motion to Quash (Dkt. #3) is DENIED.

21   Dated this 28th day of January, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2